UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, TENNESSEE,<br><br>       Plaintiff,<br><br>v.<br><br>YOUTH OPPORTUNITY INVESTMENTS, LLC, and YOUTH OPPORTUNITIES OF AMERICA, LLC,<br><br>       Defendants. | Case No. 3:25-cv-00643<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

## **MEMORANDUM ORDER**

Defendants, Youth Opportunity Investments, LLC ("YOI"), and Youth Opportunities of America, LLC's ("YOA") filed a motion to strike a portion of Plaintiff, Metropolitan Government of Nashville and Davidson County, Tennessee's ("Metro") complaint (Doc. No. 17.) Plaintiff responded (Doc. No. 28) and Defendants replied (Doc. No. 34.) This matter is ripe for decision. For the reasons stated herein, Defendants' motion to strike is Granted.

**I.     Relevant Background**

In their complaint, Metro claims that YOI fraudulently induced them to assign their existing contract for service of a juvenile detention facility to YOA. (Doc. No. 1.) Metro claims that YOI not only failed to disclose that YOA lacked sufficient assets but also made representations to the contrary (*Id.*)

On November 2, 2023, prior to filing suit in this matter, the attorneys for YOA and Metro met and engaged in settlement negotiations (Doc. No. 18.) The following attorneys attended the

meeting: YOA's General Counsel, Gary Sallee; Cynthia Gross and Lora Fox of Metro Legal; and YOA's litigation counsel, Ben Rose. (*Id.*) All the lawyers discussed possible avenues for settlement. (*Id*). Mr. Sallee offered to settle on behalf of YOA for payment of $80,000.00. (*Id.*) According to Mr. Sallee, this sum represented the total of YOA's remaining assets at the time of the meeting. (*Id.*) The matter did not settle, and, on May 5, 2025, Plaintiff filed suit in Davidson County Chancery Court. (Doc. No. 1.) The case was subsequently removed to this Court. (*Id.*)

Paragraph 28 of the complaint alleges that "YOA, on the other hand, has and had virtually no assets or revenue. Indeed, during a November 2023 meeting between Metro and Sallee, Sallee informed Metro that YOA had only $80,000 in assets." (*Id.* at 10, ¶ 28.) Defendants' motion asks the Court to strike the second grammatical sentence of paragraph 28 of the complaint (Doc. No. 1), that states "[i]ndeed, during a November 2023 meeting between Metro and Sallee, Sallee informed Metro that YOA had only $80,000 in assets [ ]" (Doc. No. 18). Defendants contend that the information contained in that sentence was communicated as part of a confidential settlement offer and, thus, prohibited by Federal Rule of Evidence 408 from being referenced by Plaintiffs in their complaint (*Id.*) Defendants further allege that they will be prejudiced if the sentence is not stricken from the complaint. (*Id.*) Plaintiffs concede that the information contained in the sentence is prejudicial to Defendants, but assert that it is highly relevant, falls outside the protections of Rule 408, and fails to establish that the statement is redundant, immaterial, impertinent, or scandalous as required by Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. No. 28.)

II.     **Legal Standard**

Rule 12(f) permits the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Tirone v. Am. Lebanese Syrian Associated Charities, Inc.*, No. 20-cv-02807, 2021 WL 1206413, at *8 (W.D. Tenn. Mar. 30, 2021). "Motions to strike are viewed with disfavor and are not frequently granted."

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Courts will grant a motion to strike "where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation" or "where the requested relief is unavailable." *Johnson v. Cnty. of Macomb*, No. 08-10108, 2008 WL 2064968, at *1 (E.D. Mich. May 13, 2008). The decision to grant or deny a motion to strike is within the discretion of the district court. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480 (6th Cir. 2003).

Federal Rule of Evidence 408 provides:

> **(a) Prohibited Uses.** Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> **(1)** furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> **(2)** conduct or a statement made during compromise negotiations about the claim . . . .
>
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408. *See also Tobin v. InterLinc Mortg. Servs., LLC*, No. 3:24-cv-329, 2025 WL 1207775, at *6 (W.D. Ky. Apr. 25, 2025). Rule 408 prohibits admission of evidence of settlement offers and conduct or statements from settlement negotiations. *Eid v. Saint-Gobain Abrasives, Inc.*, 377 F. App'x 438, 443–44 (6th Cir. 2010). The purpose of Rule 408 is to promote settlements, as well as exclude irrelevant or unreliable evidence. *Id.* at 444. "Although this is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall within the scope of Rule 408. *U.S. ex rel. Alsaker v. CentraCare Health Sys., Inc.,* No. CIV. 99-106, 2002 WL

3

1285089, at *2 (D. Minn. June 5, 2002.) Other courts have taken the position that it is not appropriate to consider Rule 408 at the pleading stage. *Tirone*, 2021 WL 1206413, at *8.

In *Tobin*, the defendant moved to strike a letter attached as an exhibit to the plaintiff's amended complaint that referenced a check offered as a refund for a clerical error and the court there explained that, without more information regarding the circumstances surrounding the letter, there was insufficient information to determine whether its inclusion violated Rule 408. 2025 WL 1207775, at *7. The court there did not rule that it could not address the issue at the pleading stage but instead found that it lacked sufficient information to determine whether the refund check qualified as a settlement offer. *Id.*

In this instance, and unlike in *Tobin*, there is sufficient information surrounding the facts and circumstances of Mr. Sallee's statement from the November 3, 2023 conference offering YOA's remaining $80,000.00 in assets as a settlement of the claim to find that it falls squarely within the protections of Rule 408. The Court finds that the statement was made in the context of a meeting between the lawyers where settlement was the primary purpose and Metro seeks to use this information to prove the validity of their claim. The Court is unpersuaded by Metro's argument that, by sanitizing their averment to remove any direct reference to settlement negotiations, they have somehow sidestepped Rule 408. Therefore, the second grammatical sentence of paragraph 28 of the complaint (Doc No. 1) that states "[i]ndeed, during a November 2023 meeting between Metro and Sallee, Sallee informed Metro that YOA had only $80,000 in assets [ ]" shall be stricken from the complaint.

Defendants' motion to strike (Doc. No. 17) is GRANTED. The Clerk is DIRECTED to seal Plaintiff's original complaint at docket entry 1-1. Plaintiff is ORDERED to refile the Complaint excluding the second grammatical sentence of paragraph 28.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge